# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**February 5, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**WILLIAM J. EVERSON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0713**  (BOR Appeal No. 2045224)
                    (Claim No. 2004217652)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**TYGARTS VALLEY CONSERVATION DISTRICT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William J. Everson, by Robert Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tygart Valley Conservation District, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 31, 2011, in which the Board affirmed an October 19, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 20, 2010, decisions denying Mr. Everson's request to add myofascial pain syndrome as a compensable component, and also denying his request to authorize additional trigger point injections and additional physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On February 14, 2007, Mr. Everson injured his left upper extremity when he fell while installing carpet. On March 12, 2007, the claim was held compensable. Mr. Everson is requesting that myofascial pain syndrome be added as a compensable component, and that authorization for trigger point injections and physical therapy be granted, per the opinion of Dr. Fahim.

In its Order affirming the claims administrator's May 20, 2010, decisions, the Office of Judges found that the preponderance of the evidence does not establish a connection between myofascial pain syndrome and the compensable injury. Even though Dr. Grady found Mr. Everson to be at maximum medical improvement on December 16, 2009, Dr. Fahim asserts that myofascial pain syndrome should nevertheless be added as a compensable component because its symptoms were only able to manifest due to pain management provided by a spinal cord stimulator. However, Dr. Mukkamala stated in a March 26, 2010, physician review that myofascial pain syndrome should not be added as a compensable component because it is a new diagnosis occurring after Mr. Everson reached maximum medical improvement, and also stated that there is no clinical justification for adding the diagnosis. Additionally, the Office of Judges and Board of Review properly affirmed the claims administrator's May 20, 2010, decision that additional physical therapy and trigger point injections should not be authorized because they are being requested to treat myofascial pain syndrome which, as discussed previously, was properly denied as a compensable component of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 5, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Menis E. Ketchum